# EXHIBIT A

**VIRGINIA:**

## IN THE CIRCUIT COURT OF SHENANDOAH COUNTY

TIMOFEY KOROTKIKH
6317 Greenfield Drive,
Spartanburg, SC 29303

    Plaintiff,

v.      Civil Case No. CL22-145

GHEORGHE CEBOTARI
250 174th Street, Apt. 402
Sunny Isles Beach, FL 33160
    and
MARIANA POTLOG
8880 Pearsall Drive,
Huntley, IL. 60142
    and
DART TRANSPORTATION, INC.
8880 Pearsall Drive,
Huntley, IL 60142

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Timofey Korotkikh, by and through undersigned counsel, and hereby moves this Honorable Court for judgment against the above-named Defendants, Gheorghe Cebotari, Mariana Potlog, and Dart Transportation, Inc., jointly and severally, on the grounds and in the amount hereinafter set forth:

1. The Plaintiff, Timofey Korotkikh, is, and was at all times herein mentioned, an adult resident of South Carolina, residing at 6317 Greenfield Drive, South Carolina 29303.

2. Defendant Dart Transportation, Inc. is a corporation or other business entity, organized and existing under the laws of Illinois, with an office located at 8880 Pearsall Drive, Huntley, Illinois 60142.

3. Defendant Mariana Potlog is, and was at all times herein mentioned, an adult resident of Illinois, residing therein at 8880 Pearsall Drive, Huntley, Illinois 60142.

4. Defendant Dart Transportation, Inc. and Defendant Mariana Potlog may hereinafter be referred to, individually and collectively, as the "Dart Defendants" in this Complaint.

5. Defendant Gheorghe Cebotari is, and was at all times herein mentioned, an adult resident of Florida, residing at 250 174th Street, Apt. 402, Sunny Isles Beach, FL 33160.

6. Upon information and belief, at all times material herein, Defendant Cebotari was an employee/agent of Dart Defendants.

7. Upon information and belief, at all times material herein, Dart Defendants were involved in the employment of commercial truck drivers to drive their trucks across the country, including the Commonwealth of Virginia, with the US DOT# 02567236.

8. On February 15, 2020, Defendant Cebotari was employed by Dart Defendants to operate their tractor-trailer within the Commonwealth of Virginia and upon Virginia's roadways.

9. On February 15, 2020, at approximately 10:00 a.m., Plaintiff Timofey Korotkikh owned and operated a tractor-trailer traveling northbound on I-81, at or near mile maker 280.40, in Shenandoah County, Virginia.

10. At the same time, Defendant Cebotari was operating a tractor-trailer owned by Dart Defendants and traveling northbound on I-81, directly behind Plaintiff.

11. At said time and place, Defendant Cebotari operated Dart Defendants' tractor-trailer with the express permission and consent of Dart Defendants, and was acting as the agent, servant, and/or employee of Dart Defendants.

12. At said time and place, Defendant Cebotari was operating Dart Defendants' tractor-trailer within the scope of his employment with Dart Defendants.

2

13. At the time of the accident, Plaintiff had slowed his tractor-trailer to a stop in the right northbound traffic lane on I-81 as there was traffic in front of him.

14. Upon information and belief, at the time of the accident, while Plaintiff was stopped for traffic, Defendant Cebotari negligently and carelessly violently rear-ended Plaintiff's vehicle, causing Plaintiff's severe injuries and damages.

15. Plaintiff's significant injuries and damages were due entirely to the negligence of Defendants and were caused in no part by any actions and/or omissions of Plaintiff.

16. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered the following injuries and damages:

    a. Severe, traumatic, and catastrophic physical injuries, including but not limited to left rotator cuff tear which required surgical intervention in the form of a left shoulder arthroscopy and decompression and left arthroscopic rotator cuff tear with repair of the supraspinatus; intrasubstance tear of the distal posterior supraspinatus/anterior infraspinatus; tear of the long head of the biceps; tear of the posterior supenor and posterior labrum; paresthesia of the right arm; strain of the lumbar paraspinal muscle; lumbar radiculopathy; bilateral foraminal stenosis at L3-L4 and L4-L5; spinal stenosis at L2-L3 and L3-L4; C3-C4 disc osteophyte complex with left facet arthropathy; C4-C5 disc osteophyte complex with facet arthropathy; C5-C6 disc osteophyte complex with borderline central canal stenosis; pain to the neck, right hand, left arm, lower back, left buttock, left thigh, left knee, and other injuries, the full extent of which are not yet known, some or all of which may be permanent in nature;

3

    b. Scarring and disfigurement from the surgical procedure for the injuries described above;

    c. Loss of earnings and loss of earning capacity, past and future;

    d. Great pain, suffering, and loss of life's pleasures, past, present and future; and

    e. Hospital, medical and rehabilitation expenses, past and future.

## COUNT ONE – NEGLIGENCE

### *As Against Defendant Cebotari*

17. Plaintiff adopts and incorporates verbatim the facts and allegations contained within each and every one of the preceding paragraphs with the same force and affect as if fully set forth herein.

18. At the time of the February 15, 2020 motor-vehicle collision, Defendant Cebotari owed Plaintiff a duty to operate Dart Defendants' tractor trailer with reasonable care under the circumstances, and with due regard for others on and/or using the roadway, to include Plaintiff.

19. Notwithstanding that duty, Defendant Cebotari was negligent and careless of the operation of Dart Defendants' tractor-trailer. Due to such negligent and careless operation, Defendant Cebotari caused a violent rear-end collision with Plaintiff's motor-vehicle.

20. The aforementioned negligence, carelessness, and inattentiveness of Defendant Cebotari consisted of the following acts and/or omission:

    a. Failing to properly operate and control the tractor-trailer under the circumstances;

    b. Failing to keep a proper, reasonable, and adequate look out for other vehicles on the roadway, particularly that of Plaintiff;

    c. Driving at an excessive and unsafe rate of speed under the circumstances;

d. Operating the tractor-trailer in a careless, negligent, and inattentive manner without due regard for the safety of those lawfully upon the highway, one of whom was Plaintiff;

e. Violation of the laws of the Commonwealth of Virginia and applicable local ordinances pertaining to the operation of a motor vehicle;

f. Negligent operation of a motor vehicle without due regard to the rights and safety of Plaintiff;

g. Driving the tractor-trailer while fatigued and/or in excess of the hours permitted under the Federal Motor Carrier Safety Regulations set forth in 49 CFR §392, et. seq.;

h. Driving while too fatigued to operate a tractor-trailer safely;

i. Failing to drive defensively;

j. Failure to drive at a speed and in a manner that would allow him to properly and safely stop;

a. Failing to operate the tractor-trailer in a manner consistent with traffic, congestion, and traffic patterns;

b. Failure to operate the tractor-trailer in a manner consistent with the prevailing weather and/or lighting conditions;

c. Negligently failing to stop or reduce the speed of the tractor-trailer prior to hitting Plaintiff's vehicle;

d. Negligently failing to move the truck away from the area where Plaintiff's vehicle was stopped to avoid a collision and/or lessen its severity;

e. Operating the subject tractor-trailer while distracted;

5

f. Failing to use due care; and

g. Increasing the risk of harm due to his negligent conduct described above and herein.

## COUNT TWO - RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

*As Against Dart Defendants*

21. Plaintiff adopts and incorporates verbatim the facts and allegations contained within each and every one of the preceding paragraphs with the same force and affect as if fully set forth herein.

22. At the time of the February 15, 2020 motor-vehicle collision, Dart Defendants maintained an employer-employee relationship with Defendant Cebotari.

23. At the time of the February 15, 2020 motor-vehicle collision, Defendant Cebotari was conducting Dart Defendants' business, and Defendant Cebotari was acting within the scope of his employment with Dart Defendants.

24. At the time of the February 15, 2020 motor-vehicle collision, Defendant Cebotari's actions were expressly or impliedly directed by Dart Defendants, and were performed with the intent to further the Dart Defendants' interests.

25. Dart Defendants are liable for the negligence of its employee, Defendant Cebotari.

**WHEREFORE**, Plaintiff Timofey Korotkikh respectfully moves this Honorable Court for judgment against Defendants, jointly and severally, in the amount of $1,000,000.00 (one million dollars), plus all taxable costs, pre-judgment interest beginning from the date of the subject incident, post-judgment interest, and for such other and further relief as the Court and jury deem just and appropriate.

Timofey Korotkikh,
By Counsel.

Respectfully submitted,

*[signature]*

Boris Kuperman, Esq., VSB No. 91811
David Salzer, Esq., VSB No. 94976
Gore & Kuperman, PLLC
4160 Chain Bridge Road
Fairfax, Virginia 22030
703-385-7300 – Phone; 703-272-7900 – Fax
mgorelaw@aol.com
Counsel for Plaintiff